# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Docket no. 2:15-cr-00032-GZS |
| LAWRENCE R. ESTRELLA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON MOTION FOR REDUCTION OF SENTENCE

Before the Court is the Defendant's Motion for Reduction of Sentence in accordance with 18 U.S.C. § 3582(c)(1)(A) (ECF No. 23), which Defendant filed pro se. For reasons briefly explained herein, the Court DENIES the Motion.

Defendant pled guilty to one count of interstate transportation of stolen property in relation to his 2014 transportation of stolen N.C. Wyeth paintings. Following his guilty plea, on July 14, 2015, this Court sentenced Estrella to 92 months of imprisonment, to be followed by three years of supervised release. Estrella is now 69 years old with an estimated release date of July 28, 2021. He sought compassionate release via the BOP process in Spring 2018. In a decision dated June 7, 2018, the Warden denied Estrella's request indicating that he did not meet all of the necessary criteria for "Elderly Inmates with Medical Conditions." See ECF No. 23-3.

Based on the materials submitted, the Court finds Estrella has exhausted his administrative rights to appeal the denial of compassionate release based on the information available as of the date of his request. Thus, under 18 U.S.C. § 3582(c)(1)(A), Estrella is allowed to bring his request before this Court. This newer procedural mechanism for sentence reduction is a result of the

passage of the First Step Act of 2018.  See United States v. Fox, No. 2:14-CR-03-DBH, 2019 WL 3046086, at *1-*3 & n.1 (D. Me. July 11, 2019) ("The First Step Act did not change the statutory criteria for compassionate release, but it did change the procedures, so that the Bureau of Prisons is no longer an obstacle to a court's consideration of whether compassionate release is appropriate.")

In order for the Court to exercise its discretion to modify Estrella's sentence, it must find that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).  As Judge Hornby did in Fox, this Court looks to the Sentencing Commission's existing guidance in determining what qualifies as "extraordinary and compelling reasons," which is found in U.S.S.G. § 1B1.13 & Application Note 1.  In relevant part, this portion of the Guidelines states that "extraordinary and compelling reasons" exist when "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less."  U.S.S.G. 1B1.13, App. Note 1(B).  The Government does not dispute that Estrella meets the age and sentence requirements contained in (i) and (iii).  See Gov't Response (ECF No. 27), PageID # 79 & n.2.  However, the Government argues that Defendant does not present evidence that he is experiencing a serious deterioration in his physical health because of the aging process.  See id. at PageID #s 81-82.  Having fully reviewed and considered all of the documentation submitted as well as all of the cases cited in the Government's Response, the Court concludes that Estrella's condition does not rise to the level of "serious physical deterioration" that should be deemed "extraordinary and compelling" under existing guidance.

To be fair, Estrella has had significant medical issues during his term of incarceration. In 2016, Estrella was diagnosed with renal cancer, which was treated with a left partial nephrectomy. However, the most recent submitted imaging report shows "no evidence of residual or recurrent malignancy" as of March 2, 2018. See ECF No. 23-9, PageID # 60. Nonetheless, Estrella highlights a number of other findings from this imaging report documenting "degenerative changes" to his spine and some "mild to moderate atherosclerosis." Id. at PageID #s 59-60. Functionally, Estrella's submission documents the ongoing use of a cane since November 2015, the need for a lower bunk, and also a restriction to living quarters such that he is not assigned any work duties. See Def. Motion (ECF No. 23), PageID #s 41-42 & ECF No. 23-1, PageID # 51. He further represents that he "spends approximately 18 hours daily between his bunk and chair . . . in pain with limited movements." Id. at PageID # 45. Quite simply, Estrella's situation presents as a case of physical deterioration related to the aging process, but the documented deterioration is not sufficiently serious and extraordinary to grant him the relief he seeks.

The Court notes that beyond the physical condition of the Defendant, the Guidelines indicate that the Court must determine that the "defendant is not a danger to the safety of any other person or the community" before granting a sentence reduction. U.S.S.G. § 1B1.13(2). Based on the available record, the Court cannot make such a determination. As noted in the Government's Response, Defendant committed the underlying crimes for which he is now incarcerated when he was 64 years old. His presentence report documented a lengthy criminal history that included a previous 216-month federal sentence. Against this backdrop, Defendant's Motion includes various statements about the other individuals involved in the underlying offense that cause the Court some concern. In short, the current record does not convince this Court that Estrella would not be a danger to any other person or the community if he were released.

Therefore, the Court hereby DENIES Defendant's Motion.  The Court notes that this denial is without prejudice to Defendant re-filing his Motion based on any further medical developments or any substantive revision to the applicable policy statements that might bring Estrella's circumstances within the ambit of compassionate release.

SO ORDERED.

       /s/ George Z. Singal
       United States District Judge

Dated this 6th day of December, 2019.